Todd M. Friedman (SBN 216752)
tfriedman@ toddflaw.com
Adrian R. Bacon (SBN 280332)
abacon@ toddflaw.com
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Tel: (323) 306-4234
Fax: (866) 633-0228

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREWS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONSTER RESERVATIONS GROUP, LLC, a South Carolina corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>1. Negligent Violation of Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227(b);<br>2. Willful Violation of Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227(b);<br>3. Negligent Violation of Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227(c);<br>4. Willful Violation of Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227(c);<br>5. Violation of California Invasion of Privacy Act (Cal. Pen. Code §§ 630, *et seq.*, 632); and<br>6. Violation of California Invasion of Privacy Act (Cal. Pen. Code §§ 630, *et seq.*, 632.7).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, individually and on behalf of all other similarly situated consumers, alleges against Defendants as follows:

## **NATURE OF THE CASE**

1.      Plaintiff brings this action individually and on behalf of all other similarly situated consumers seeking damages and any other available legal or equitable remedies resulting from Defendants' negligent, knowing, and/or willful contact with Plaintiff on Plaintiff's cellular telephone using an Automated Telephone Dialing System ("ATDS") without prior express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47. U.S.C. § 227, *et seq*.

2.      Defendants also recorded the call to Plaintiff without his knowledge or consent in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 632, *et. seq*.  Section 632.7 of the Penal Code prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  Cal. Pen. Code § 632.7. The statute is violated the moment the recording is made without the consent of all parties thereto, regardless of subsequent disclosure, if the act of recording was intentional. Section 632.7 does not require that the communication be confidential.  Plaintiff alleges that Defendants continue to violate CIPA by impermissibly recording its conversations with California residents speaking on their cellular telephones.

## **JURISDICTION & VENUE**

3.      Jurisdiction is proper under 28 U.S. Code § 1331, as Plaintiff brings this case pursuant to the TCPA, a federal law.

4.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendants do business in the State of California and Plaintiff resides in Riverside County.

## **PARTIES**

5.      Plaintiff JAMES ANDREWS ("Plaintiff"), is a natural person residing at all relevant times in Banning, California. Plaintiff is a "person" as

defined by 47 U.S.C. § 153 (39).

6.    On information and belief, Defendant MONSTER RESERVATIONS GROUP, LLC ("Defendant") is a privately owned company formed under the laws of the State of South Carolina with a principal place of business in Myrtle Beach, South Carolina. Defendant is an online booking service that operates nationwide to provide vacation packages through third-party vendors. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

7.    All references to Defendant include its subsidiaries and agents.

8.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each Defendant designated herein as a DOE is legally responsible for the unlawful acts alleged.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.    Plaintiff is informed and believes that, at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of every other Defendant. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, every Defendant.

## FACTUAL ALLEGATIONS

10.    On information and belief, Defendants use an ATDS in the ordinary course of business to call consumers in order to market their online booking services. Such calls are made regardless of whether Defendants have obtained prior consent.

11.    On or around November 3, 2020, Defendants contacted Plaintiff on Plaintiff's cell phone to solicit Plaintiff's purchase of Defendants' services.

12.    A recorded message played when Plaintiff answered the call.

Plaintiff was subsequently connected to a live caller who began offering vacation package options. When asked expressly, the caller stated that the call was on behalf of Monster Travel, that Plaintiff's phone number had been generated by computer, and that the call was being recorded, though Plaintiff was not informed of the recording when the call was initiated or by the live caller when he came on the line.

13.    Defendants thus cold-called Plaintiff using an ATDS in order to market Defendants' services.

14.    In addition, on information and belief, Defendants record calls with consumers, but do not advise that they were doing so at the outset of the call, in violation of consumer privacy rights under CIPA.

15.    Defendants contacted or attempted to contact Plaintiff from telephone number (971) 339-8621.

16.    To make the call to Plaintiff's cell phone, Defendants used an automated device with an artificial or pre-recorded voice, which is an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

17.    Defendants' call was placed to telephone number assigned to a cell phone for which service Plaintiff incurs a charge pursuant to 47 U.S.C. § 227(b)(1).

18.    Defendants' call to Plaintiff's cell phone was not a call for emergency purposes pursuant to 47 U.S.C. § 227(b)(1)(A).

19.    At all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls on his cell phone using an ATDS pursuant to 47 U.S.C. § 227(b)(1)(A).

20.    Further, Plaintiff's cell phone number was added to the National Do-Not-Call Registry on prior to the call from Defendants, since at least August 2010.

21.    Defendants' call constitutes a solicitation pursuant to 47 C.F.R. §

64.1200(c)(2) as an attempt to promote or sell Defendants' services.

22.    On information and belief, based on Plaintiff's experience, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to prevent ATDS solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

23.    In addition, Defendants recorded the call to Plaintiff but failed to disclose such recording at the outset.

24.    At no time did Plaintiff provide Defendants actual or constructive consent to record the call.

25.    At the outset of the call marketing Defendants' services, Plaintiff had no reasonable expectation that Defendants were recording the call.

26.    On information and belief, it is Defendants' pattern and practice to record incoming and outgoing calls made to and by California residents, which include confidential identifying personal information.  Defendants do not inform, or warn, California consumers at the outset that the calls may be or will be recorded.

## CLASS ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself and all other similarly situated consumers.

28.    With respect to the alleged TCPA violations for Defendants' failure to obtain prior express consent before making any call to a cell phone using an ATDS, the proposed "ATDS Class" is defined as follows:

> All persons in the United States who received a solicitation/telemarketing telephone call from Defendants to said person's cell phone and made through the use of any automatic telephone dialing system or artificial or prerecorded voice and from whom Defendants had not obtained prior express consent to receive such calls within the four years prior to the filing of this Complaint.

29.    With respect to the National Do-Not-Call violation, the proposed "DNC Class" is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

30.    With respect to the alleged CIPA violations for Defendants' failure to inform consumers at the outset of any telephone call that the call was being recorded, the "CIPA Class" is defined as follows:

> All persons in California whose cell phone conversations were recorded without their consent at the outset of the call by Defendant or its agent(s) within the one year prior to the filing of this action.

31.    Plaintiff represents, and is a member of, the ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

32.    Plaintiff represents, and is a member of, the DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products

or services, within any twelve-month period, within four years prior to the filing of the complaint.

33.   Plaintiff represents, and is a member of, the CIPA Class, consisting of all persons in California whose cellular telephone calls were recorded by Defendants' at the outset of the calls without said persons' knowledge or consent, within one (1) year prior to the filing of the complaint.

34.   Defendants and their employees and agents are excluded from the Classes.  Plaintiff does not know the number of members in each Class but believes they number in the thousands, if not more.  Thus, this matter should be certified as a Class Action in order to litigate all claims expeditiously.

35.   The Classes are so numerous that the individual joinder of all its members is impractical.  While the exact number and identities of Class Members are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and thereon alleges, that the Classes include thousands of consumers.  Plaintiff alleges that Class Members may be ascertained by the records maintained by Defendants.

36.   Plaintiff and members of the ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and other ATDS Class Members via their cell phones, thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid, including by having to retrieve or address messages left by Defendants during those illegal calls.

37.   Common questions of fact and law exist as to all ATDS Class Members that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary between ATDS Class Members and may be determined without reference to the individual circumstances of any ATDS Class Member, include the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants made any prohibited telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Class Member;

b. Whether Plaintiff and other ATDS Class Members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

38. As a person that received prohibited telemarketing/solicitation calls from Defendants, Plaintiff asserts claims that are typical of the ATDS Class.

39. Plaintiff and other DNC Class Members were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class Members via their telephones for purposes of solicitation, thereby invading the privacy of Plaintiff and other DNC Class Members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and DNC Class Members were damaged thereby.

40. Common questions of fact and law exist as to all DNC Class Members that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary between DNC Class Members and may be determined without reference to the individual circumstances of any DNC Class Member, include the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents made more than one call for purposes of solicitation to DNC Class Members whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with

Defendants;

b. Whether Defendants obtained prior express written consent to make calls for purposes of solicitation to Plaintiff or other DNC Class Members' telephones;

c. Whether Plaintiff and DNC Class Members were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

41. As a person who received one or more solicitation calls from Defendants within a 12-month period, had not granted Defendants prior express consent, and did not have an established business relationship with Defendants, Plaintiff asserts claims that are typical of the DNC Class.

42. Plaintiff and other CIPA Class Members were harmed by the acts of Defendants in at least the following ways: Defendants illegally recorded calls with Plaintiff and CIPA Class Members on their cell phones, thereby invading the privacy of Plaintiff and CIPA Class Members. Plaintiff and CIPA Class Members were damaged thereby.

43. Common questions of fact and law exist as to all CIPA Class Members that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary between CIPA Class Members and may be determined without reference to the individual circumstances of any CIPA Class Member, include the following:

a. Whether Defendants have a policy of recording telephone calls;

b. Whether Defendants have a policy of recording calls made to or initiated by a cell phone;

c. Whether Defendants disclose to callers and/or obtain callers' consent at the outset of each call that the telephone conversations are being recorded;

d.  Whether Defendants' policy of recording such telephone calls constitutes a violation of California Penal Code §§ 632 and 632.7;

e.  Whether Plaintiff and other CIPA Class Members were damaged thereby, and the extent of damages for such violations; and

f.  Whether Defendants should be enjoined from engaging in such conduct in the future.

44.     As a person whose telephone communications with Defendants were recorded without Defendants' providing notice or obtaining consent at the outset of each call, Plaintiff asserts claims that are typical of the CIPA Class.

45.     Plaintiff will fairly and adequately protect the interests of all Class Members and has retained attorneys experienced in the prosecution of class actions.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of Class Members' common claims is impracticable.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would exacerbate the delay and expense to all parties and to the court that would likely result from multiple trials of the same factual issues.  By contrast, proceeding with Class Members' claims as a class action presents fewer management concerns and conserves the resources of the parties and of the court, while protecting the rights of each Class Member.

47.     The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other non-party Class Members or that would substantially impair or impede the ability of such non-party Class

Members to protect their interests.

48.     Defendants have acted or refused to act in ways generally applicable to all Class Members, thereby making appropriate final and injunctive relief regarding the respective Classes as a whole.

## **FIRST CAUSE OF ACTION**

NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

(47 U.S.C. §227(b))

*On behalf of the ATDS Class*

49.     Plaintiff incorporates by reference all preceding paragraphs in their entirety as though fully stated herein.

50.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including each of the above cited provisions of 47 U.S.C. § 227(b), in particular 47 U.S.C. § 227 (b)(1)(A).

51.     As a result of Defendants' negligence, Plaintiff and ATDS Class Members are entitled an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.     Plaintiff and other ATDS Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **SECOND CAUSE OF ACTION**

KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

(47 U.S.C. §227(b))

*On behalf of the ATDS Class*

53.     Plaintiff incorporates by reference all preceding paragraphs in their entirety as though fully stated herein.

54.     The foregoing acts and omissions of Defendants constitute multiple knowing and/or willful violations of the TCPA, including each of the above cited

provisions of 47 U.S.C. § 227(b), in particular 47 U.S.C. § 227 (b)(1)(A).

55.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff  and other ATDS Class Members are entitled an award of $1,500.00 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56.    Plaintiff and ATDS Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER

PROTECTION ACT

(47 U.S.C. §227(c))

*On behalf of the DNC Class*

57.    Plaintiff incorporates by reference all preceding paragraphs in their entirety as though fully stated herein.

58.    The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including each of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

59.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

60.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

///

1

## **FOURTH CAUSE OF ACTION**

2

KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE

3

CONSUMER PROTECTION ACT

4

(47 U.S.C. § 227, *et seq*.)

5

*On behalf of the DNC Class*

6

61.    Plaintiff incorporates by reference all preceding paragraphs in their

7

entirety as though fully stated herein.

8

62.    The foregoing acts and omissions of Defendants constitute multiple

9

knowing and/or willful violations of the TCPA, including each of the above cited

10

provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

11

63.    As a result of Defendants' knowing and/or willful violations of 47

12

U.S.C. § 227(c), Plaintiff and other DNC Class Members are entitled to an award

13

of $1,500.00 in statutory damages, for each violation, pursuant to 47 U.S.C. §

14

227(c)(5).

15

64.    Plaintiff and DNC Class Members are also entitled to and seek

16

injunctive relief prohibiting such conduct in the future.

17

## **FIFTH CAUSE OF ACTION**

18

VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT

19

(Cal. Pen. Code § 630, *et seq*.; Cal. Pen. Code § 632)

20

*On behalf of the CIPA Class*

21

65.    Plaintiff incorporates by reference all preceding paragraphs in their

22

entirety as though fully stated herein.

23

66.    Californians have a constitutional right to privacy.  Moreover, the

24

California Supreme Court has definitively linked the constitutionally protected

25

right to privacy within the purpose, intent and specific protections of the Privacy

26

Act, including specifically, Penal Code section 632.

27

67.    "In addition, California's explicit constitutional privacy provision

28

(Cal. Const., 1 § 1) was enacted in part specifically to protect California

consumers from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy.  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone calls without the knowledge or consent of all parties to the conversation.

68.    Section 632, which prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party, is violated the moment the recording is made without the consent of all parties thereto, regardless of whether such recording is subsequently disclosed. The only intent required by Section 632 is that the act of recording itself be done intentionally.

69.    Plaintiff is informed and believes, and thereon alleges, that Defendants employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

70.    Plaintiff is informed and believes, and thereon alleges, that all such devises were maintained and utilized to record every outgoing telephone conversation over said telephone lines.

71.    Said recording equipment was used to record the telephone conversations of Plaintiff and CIPA Class Members in violation of Section 632.6(a).

72.    Defendants did not inform Plaintiff and CIPA Class Members at the outset of such calls that Defendants were recording the conversations and did not obtain prior consent from Plaintiff and CIPA Class Members.

73.    Defendants thus knowingly, negligently, and/or intentionally intruded on Plaintiff and CIPA Class Members' right to privacy in violation of California Penal Code § 630, *et seq*.

74.     Based on the foregoing, Plaintiff and CIPA Class Members are entitled to, and herein do pray for, their statutory remedies and damages, including those set forth in Cal. Pen. Code § 637.2.

75.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and CIPA Class Members seek recovery of their attorneys' fees, including pursuant to Cal. Civ. Proc. Code § 1021.5.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT**

(Cal. Pen. Code § 630, *et seq.*; Cal. Pen. Code § 632.7)

*On behalf of the CIPA Class*

76.     Plaintiff incorporates by reference all preceding paragraphs in their entirety as though fully stated herein.

77.     California Penal Code section 632.7 provides in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between two cellular radio telephones [or] a cellular radio telephone and a landline telephone…shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500)." Cal. Pen. Code § 632.7(a).

78.     On its face, Section 632.7 prohibits the recording of all communications involving a cell phone.

79.     Though similar, Penal Code sections 632 and 632.7 are not duplicative and protect separate rights. For example, the "confidential communication" requirement of Section 632 is absent from Section 632.7, which thus grants a wider range of protection to conversations where one participant uses a cell phone.

80.     As described herein, Defendants caused to be employed certain

recording equipment on their telephone lines.

81.     Plaintiff is informed and believes, and thereon alleges, that all such devices were maintained and utilized to record every conversation made or received by said telephone lines.

82.     Defendants' recording equipment was thus used to record the telephone conversations with Plaintiff and CIPA Class Members in violation of Section 632.7.

83.     Based on the foregoing, Plaintiff and CIPA Class Members are entitled to, and herein do pray for, all statutory remedies and damages, including those set forth in Sections 632.7 and 637.2 of the California Penal Code.

84.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and CIPA Class Members seek recovery of their attorneys' fees, including pursuant to Cal. Civ. Proc. Code § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment, on behalf of himself and all Class Members against Defendant for the following:

a.  That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes;

b.  As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), $500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), treble damages, as provided by statute, up to $1,500, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

d.  As a result of Defendants' negligent violations of 47 U.S.C. § 227(c)(5), $500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5);

e.  As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(c)(5), treble damages, as provided by statute, up to $1,500 for each violation, pursuant to 47 U.S.C. § 227(c)(5);

f.  For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Cal. Pen. Code § 637.2(a) for Plaintiff and each CIPA Class Member;

g.  For injunctive relief as set forth under the TCPA, including an order from the Court preliminarily and permanently enjoining Defendants from recording any telephone conversation with California residents without their prior informed consent, as required by Cal. Pen. Code § 630, *et seq.*;

h.  For exemplary or punitive damages;

i.  For costs of suit;

j.  For pre- and post-judgment interest at the legal rate; and

k.  For such further relief as this Court deems necessary, just, and proper.

Plaintiff is entitled to, and demands, a trial by jury.

Date: July 14, 2021                Respectfully Submitted,

                                   LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                           By:  */s/ Todd M. Friedman*
                                Todd M. Friedman
                                Attorneys for Plaintiff
                                JAMES ANDREW

CLASS ACTION COMPLAINT